# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| CHIGOZIE ROBINSON OKIKA, | : | CIVIL ACTION NO. 3:CV-17-1178 |
|---|---|---|
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| Warden CRAIG LOWE, et al., | : | |
| Respondents | : | |

## ORDER

**AND NOW, THIS 31ST DAY OF JANUARY, 2018**, upon consideration of the above captioned petition for writ of habeas corpus, filed pursuant to 28 U.S.C. §2241, by Chigozie Robinson Okika, a former detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), in which Petitioner seeks release pending his removal from the United States, and it appearing that Okika was released from ICE custody on January 2, 2018, pursuant to an Order of the Immigration Judge, granting him supervised release[1], and it appearing that Okika's petition for writ of habeas corpus, (Doc. 1), has been rendered moot by virtue of his release, as there is no longer a live case or controversy[2], **IT IS HEREBY ORDERED THAT:**

---

[1] A search of the Online Detainee Locator System revealed that Petitioner had been released. See https://locator.ice.gov/odls/#/index. A subsequent phone call from this Court's Pro Se Writ Clerk to the United States Immigration and Customs Enforcement confirmed that Petitioner was released on January 2, 2018, pursuant to an Order of Supervision.

[2] Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. Const. art. III, §§2. "This grant of authority

1. The petition for writ of habeas corpus, (Doc. 1), is **DISMISSED AS MOOT**.

2. The Clerk of Court is directed to **CLOSE** this case.

                 /s/ William J. Nealon
                 **United States District Judge**

---

embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies." Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must e dismissed as moot.' Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).